IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**NATASHA SLATER,**         *

  *Plaintiff*,         *

v.

                                *         Civil Case No.: 1:21-cv-01181-JMC

**PAIK IMPLANT DENTISTRY ASSOCIATES, P.C. et al,**

                                *

  *Defendants*.

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM OPINION & ORDER

On March 31, 2023, Defendants filed two motions in limine. (ECF Nos. 46 & 47). Plaintiff did not file an opposition by the April 14, 2023 deadline. Accordingly, the Court entered an order indicating that if no opposition was filed by April 21, 2023, the Court would consider the motions unopposed. (ECF No. 56). As of the date of this Memorandum Opinion and Order, Plaintiff has not filed oppositions or indicated an intention to do so.

In the first motion in limine, Defendants seek to preclude Plaintiff from claiming future medical expenses in the amount of $60,000 because (1) there has been no medical testimony or other evidence supporting such a claim, and (2) because such expenses are outside the scope of a Lack of Informed Consent claim (which Defendants contend is the sole remaining claim in the case). The Court will grant the motion based on lack of expert and evidentiary support. In so doing, the Court is not expressing an opinion as to whether there is still a negligence claim in the case and/or whether future medical expenses can properly be claimed as part of Plaintiff's Lack of Informed Consent claim. The Court will further clarify with the parties at the upcoming Pretrial Conference as to whether Plaintiff is still pursuing a negligence theory.

In the second motion in limine, Defendants seek to preclude Plaintiff's expert from analogizing the care Defendants administered to a "criminal battery," as Plaintiff's expert testified at deposition. The Court will grant the motion. This case, of course, is a civil case and, in any event, there is no claim for battery, making such testimony irrelevant under Federal Rule of

Evidence 401.  Moreover, such language is inflammatory and would have a tendency to unfairly prejudice Defendants, and to confuse or mislead the jury, rendering it inadmissible under Rule 403.

Date: <u>April 24, 2023</u>　　　　　　　　　　<u>         /s/                        </u>
　　　　　　　　　　　　　　　　　　　　　J. Mark Coulson
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge